IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GLENN L. DIXON,

                Plaintiff,                OPINION & ORDER

    v.
                                                       12-cv-611-wmc

CAPTAIN T. CASIANA, OFFICER
J. CAUDILLO, OFFICER T. KOPHFHAMER,
OFFICER K. PITZEN, and OFFICER M.
RATACZAK,

                Defendants.

---

       Plaintiff Glenn L. Dixon brings this civil action pursuant to 42 U.S.C. § 1983, stating claims arising from events following his physical altercation with another inmate while he was incarcerated at Columbia Correctional Institution. Specifically, Dixon alleges that defendants Caudillo, Kophfhamer, Pitzen and Rataczak used unnecessary and excessive force against him by dropping him to the floor, smothering his face and dragging him from the scene, such that the handcuffs and leg irons cut into his arms and legs and left permanent scars. He also alleges that defendant Captain T. Casiana failed to intervene to protect him. Dixon has been granted leave to proceed *in forma pauperis* on his claims against these defendants. (Dkt. #19.)

       Contemporaneous with the filing of his complaint, Dixon also filed a motion to appoint counsel. (Dkt. #2.) At the time, the court denied that motion without prejudice to the court's later reconsideration because his complaint was not sufficiently detailed to complete screening. (*See* dkt. #11.) Dixon has since filed a motion for reconsideration, asking the court to revisit his original request. (Dkt. #35.) For the reasons set forth below, the court will deny that motion, but will again take up the question of recruiting counsel

after reviewing the defendants' motion for summary judgment, for which briefing has recently been completed.

Civil litigants have no constitutional or statutory right to the appointment of counsel. *E.g.*, *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866 (7th Cir. 2013); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). The court may, however, exercise its discretion in determining whether to recruit counsel *pro bono* to assist an eligible plaintiff who proceeds under the federal *in forma pauperis* statute. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent an indigent civil litigant *pro bono publico*."); *Luttrell*, 129 F.3d at 936. Thus, the court cannot issue an order appointing counsel to assist Dixon; it merely has the discretion to recruit a volunteer in an appropriate case. Accordingly, this court will construe Dixon's motion to appoint counsel as one seeking the court's assistance in recruiting a volunteer under 28 U.S.C. § 1915(e)(1).

Before deciding whether it is necessary to recruit counsel, a court must find that the plaintiff has made reasonable efforts to find a lawyer on his own and has been unsuccessful, or that he has been prevented from making such efforts. *Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). Dixon indicates that he has written to two different attorneys, as well as the American Civil Liberties Union of Wisconsin Foundation, in an attempt to secure counsel, but that he has not heard back from any of them.

Usually, this court would require a prisoner to demonstrate he was actually *refused* by the attorneys he contacted. Even if the court presumes that Dixon has met this threshold requirement, however, the court would still deny Dixon's motion to recruit counsel due to the current state of this record. The relevant question in deciding whether to request counsel for an indigent civil litigant is "whether the difficulty of the case -- factually and

2

legally -- exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). Five factors to be addressed include: (1) the merits of the claim for relief; (2) the ability of plaintiff to investigate crucial facts unaided; (3) whether the nature of the evidence indicates the truth will more likely be exposed when both sides have counsel; (4) the indigent's capability to present the case; and (5) the complexity of the legal issues involved. *Jackson*, 953 F.2d at 1072.

Dixon alleges that his claim is meritorious, but at this stage, where only screening has been completed, and defendants have moved for summary judgment on the merits of his case, this still amounts to no more than a bare-bones allegation. Dixon also alleges that his imprisonment and limited knowledge of the law prevent him from litigating the case, but this is true of nearly all pro se prison litigants and is not a reason to request *pro bono* counsel in this particular case. Likewise, Dixon states that any trial in this matter will likely involve conflicting testimony, but this, too, is true in nearly all litigation and does not demonstrate that this case is particularly complex.

Moreover, much of Dixon's case will depend upon the facts surrounding the events he alleges -- events for which he was present and with which he should therefore be personally familiar. Additionally, the law on Eighth Amendment excessive force claims is well-established and was explained to Dixon in the order granting him leave to proceed. Plaintiff has also done an able job of representing himself thus far, including performing his own investigation and, at the court's request, successfully identifying the defendants in his case. This suggests that this particular case -- at least as presented to the court so far -- does not appear to exceed Dixon's capacity to litigate it as a layperson.

Finally, the court notes that its current denial is again without prejudice to the court reconsidering the recruitment of counsel after deciding the pending motion for summary judgment, should the issues involved in this case prove more complicated than they currently appear and should any such issues remain for trial.

ORDER

IT IS ORDERED that plaintiff Glenn L. Dixon's motion for reconsideration as to the appointment of counsel (dkt. #33) is DENIED without prejudice as to later reconsideration.

Entered this 29th day of April, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge